## Fordson Coal Co. v. Osborn et al.
(Decided October 28, 1932.)

CLEON K. CALVERT for appellant.

JOHN L. DIXON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

James Baker, over fifty years ago, owned a large body of land in Leslie county on what is known as Pig Pen fork, which is a creek with a mountain on either side of it. He sold and conveyed a tract on the lower end of Pig Pen fork to Louisa Sizemore, and also sold and conveyed the land adjoining this tract and lying above it on Pig Pen fork to Felix Woods. By regular conveyances the Fordson Coal Company became the owner of the Felix Woods land, and appellees the owners of part of the Sizemore tract adjoining the Woods tract. Appellees cut timber over the line claimed by the coal company, and thereupon the coal company brought this action on March 10, 1931, to have its title quieted to all the land down to the line it claimed. The defendants filed answer, setting up title to the land where the timber was cut, and claiming that they were within the true line in cutting the timber. Proof was taken, and on final hearing the court gave judgment in favor of the defendants. The coal company appeals.

The only question in the case is the location of the true line between the parties, and only a question of fact is presented.

The deed from James Baker to Louisa Sizemore was made on August 24, 1887. The concluding words of the description in the deed of the land conveyed are these:

"Thence up Pig Pen fork so as to include both sides of mouth to point above second right hand

hollow; thence straight across said fork with Felix Woods line to top of mountain thence down mountain to beginning.''

The deed from James Baker to Felix Woods was made on the 11th day of February, 1888, or about six months after the deed to Mrs. Sizemore; the concluding part of the description of the land conveyed in this deed, which is all that is material here, is in these words:

"Thence with the ridge to Louisia Sizemore line, thence across the Pig Pen fork with Louisa Sizemore line, then on down the ridge to the beginning.''

It will be observed that Mrs. Sizemore's deed calls to run straight across Pig Pen fork with Felix Woods' line to the top of the mountain, and that Felix Woods' deed calls for the same line, thence across Pig Pen fork with Louisa Sizemore's line; thus showing that, though her deed was made six months before his, the line had been established before her deed was written, for by these deeds Baker sold all the land he owned on either side of this line. The controversy between the parties is roughly indicated in the following map, A, L, and C being the line claimed by the coal company, and A, L, and D the line claimed by Osborne:

The land in controversy is the triangle L, C, D, L.

Baker and Woods both testify that, before Woods purchased, he and Baker went from point A, as shown by the line A, L, and D, to D, and marked the line with a knife, and that this was the line to which his deed referred and also the line to which Mrs. Sizemore's deed

referred. They both testify that near Pig Pen fork there was a beech, and that this was marked as a corner.

On the other hand, the defendant proved that marks now found on this line are of recent origin, and that older marks are found on the line L, C, which it claims as the true line, and it also introduced some proof to the effect that Will Jones, who afterwards held under Sizemore, only claimed up to the line L, C. But Jones testified that he claimed to the line L, D, and that this was the true line. The fact is there was no dispute about this line for twenty-five years after it was made, although the parties were living on the adjoining land, and the dispute seems to have arisen when a surveyor for the coal company ran the line A, L, C as the division line, as he claimed, upon information given him by Jones. Jones was sick, and did not go on the ground, and says that he did not tell the surveyor this was the true line. The beech corner near the creek on the line L, D seems to have been well known, and is referred to in later deeds made between the parties. The case practically turns on the credibility of the witnesses. The rule is that the finding of the circuit court on the facts will not be disturbed here, where it is only a question of the credibility of the witnesses, and on all the evidence the mind is left in doubt as to the truth. Under this rule, the judgment of the circuit court cannot be disturbed. The real question in the case is, Where was this line originally located when Baker and Woods established it? The original location of the line is the point to be determined, and, where the location as actually made by the parties is established, this must control. Bentley v. Napier (Ky.) 122 S. W. 180. When a patent or deed calls for a natural object, and this natural object is identified, it controls the location of the point. So, when it is shown that the surveyor marked a line, and the old marks made by him are located, they control the line. Here the testimony of Baker and Woods is positive that they marked the line A, L, D, and their testimony is confirmed by the testimony of W. L. Jones, Mahala Jones, and Boyd Jones, who held under Sizemore, and by the fact that for nearly thirty years line A, L, D was recognized by the parties as the true line, and the dispute as to the line is of recent origin.

Judgment affirmed.